# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 16, 2003

## STEVEN RAY CHANCE v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Cheatham County
### No. 13599    Robert E. Burch, Judge

---

### No. M2002-02991-CCA-R3-PC - Filed September 2, 2003

---

The petitioner appeals the denial of his post-conviction relief petition following his <u>nolo</u> <u>contendere</u> pleas to aggravated burglary, aggravated assault, and evading arrest. He contends his trial counsel did not provide him with effective assistance when he entered into the plea agreement. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOE G. RILEY and THOMAS T. WOODALL, JJ., joined.

Eric K. Lockert, Ashland City, Tennessee, for the appellant, Steven Ray Chance.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Dan M. Alsobrooks, District Attorney General; and Robert S. Wilson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In April 2000, the petitioner went to the victim's mobile home where his girlfriend, Sherry Moon, was staying with the victim. The petitioner, armed with a gun, kicked in the door of the mobile home, and the victim fled. Two days later, the petitioner led the police on a car chase after an officer tried to arrest him. Pursuant to a plea agreement, the petitioner entered <u>nolo</u> <u>contendere</u> pleas to aggravated burglary, aggravated assault, and evading arrest, and received an effective eight-year sentence. The State dismissed other charges pursuant to the agreement.

In his post-conviction relief petition, he contended his attorney failed to provide him with effective assistance of counsel in entering the pleas because the attorney had not interviewed witnesses, did not discuss trial strategy or trial preparation with him, and failed to explore any potential medical or psychological defenses. The petitioner maintained that as a result of the

ineffectiveness of his trial counsel, he felt compelled to enter the pleas even though he desired a trial. The post-conviction court denied post-conviction relief, and this appeal followed.

At the post-conviction hearing, the petitioner testified he told his attorney he wanted a trial. The petitioner stated he asked trial counsel to contact a number of witnesses. He said that prior to the entry of his guilty pleas, he received a letter from Sherry Moon contradicting her testimony at the preliminary hearing. He also said he told his attorney he wanted to review the audiotape from the preliminary hearing, but he never received the tape from trial counsel. According to the petitioner, he spoke with trial counsel approximately three times by telephone and met with him only once for about thirteen minutes just prior to the plea hearing. The petitioner testified trial counsel sent him a letter regarding the plea agreement. The petitioner said he and trial counsel never discussed trial strategy.

The petitioner denied that he entered the mobile home or possessed a weapon, but admitted that he fled from law enforcement. He claimed he fled because the officer drew a weapon when he attempted to arrest him, and he and the officer had prior conflicts.

The petitioner conceded the plea agreement was "a good deal," and he accepted the agreement because "it was too good to pass up." He said he entered the pleas "voluntarily" and "with full knowledge and understanding." The petitioner stated he was willing to accept his punishment for "bad judgment" and because he "put a lot of people's safety in jeopardy." The petitioner testified trial counsel agreed to attend his parole hearing to explain the pleas and the circumstances surrounding them. The petitioner indicated he wanted to set aside his pleas because trial counsel failed to uphold this promise.

Mitchell Dugan, the petitioner's trial counsel, testified he and the petitioner spoke more than five times prior to the plea hearing. Dugan said they discussed trial preparation, discovery, and the testimony presented at the preliminary hearing. He said he had no contact with Sherry Moon, who disappeared following the preliminary hearing. Dugan said he and the petitioner discussed Moon's incriminating preliminary hearing testimony, and he explained to the petitioner Moon's prior testimony would probably be admissible against him if she were unavailable to testify at trial. He said they discussed the possibility of trying the case, and that the petitioner wanted him to subpoena witnesses. Dugan testified he told the petitioner they had plenty of time for trial preparation. He indicated he did not inquire into the petitioner's mental health. He said he was impressed by the petitioner's ability to express himself, and he did not appear to have a problem understanding his circumstances.

Dugan stated he sent a letter to the prosecutor outlining the terms of the plea agreement and provided a copy of the letter to the petitioner. According to Dugan, he told the petitioner he was facing the possibility of a sentence of over thirty years given his extensive prior criminal history, and the plea agreement was fair and in the petitioner's best interests.

Dugan said the petitioner was "quite versed" in the law and understood his rights. He opined the petitioner understood the plea agreement and was pleased with it. He further denied that he made promises to the petitioner regarding his parole hearing.

Attorney Steve Stack, who was initially appointed to represent the petitioner, testified the petitioner advised him he wanted a trial. George Cheeves, the petitioner's stepbrother, testified he was talking with the petitioner at an intersection just prior to the incident that led to the charge of evading arrest. Cheeves stated that the petitioner drove off after the officer pulled up behind them. He was unaware of any evidence that would be beneficial to the petitioner. Deputy James Humphrey, Jr., testified about a prior incident in which the petitioner approached his vehicle and surrendered himself just as the deputy was preparing to arrest the petitioner on outstanding warrants. Deputy Humphrey knew nothing about the instant offenses. Officer Glenn Dale Smith recounted his attempt to arrest the petitioner and the subsequent car chase. Officer Smith provided no testimony that was beneficial to the petitioner.

The post-conviction court entered a memorandum opinion in which it found trial counsel provided effective assistance, and that the petitioner entered his pleas knowingly and voluntarily. Further, it found the petitioner did not establish he was prejudiced by trial counsel's failure to interview potential witnesses.

## ANALYSIS

### Ineffective Assistance of Counsel

The petitioner contends his trial counsel was ineffective for (1) failing to interview witnesses; (2) failing to discuss trial strategy; and (3) failing to consider medical or psychological defenses. The petitioner claims that as a result of counsel's alleged incompetence, he was forced to enter into the plea agreement with the State.

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving (1) that counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under Article I, section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle petitioner to relief. Tenn. Code Ann. § 40-30-210(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. Id. at 458.

Trial counsel testified at the post-conviction hearing that he advised the petitioner there was ample time for trial preparation. Further, trial counsel stated he met with the petitioner on a number

of occasions during which they discussed discovery, the proof presented at the preliminary hearing, and potential defense witnesses. Trial counsel also indicated he advised the petitioner regarding the potential sentence he faced if he were convicted at trial. The post-conviction court implicitly accredited this testimony. The evidence does not preponderate against the post-conviction court's findings.

The petitioner testified he had proof that State witness Sherry Moon would have recanted her preliminary hearing testimony. However, his proof merely established that Moon had sent him a short letter in which she expressed her desire to remain friends with the petitioner.

Although the petitioner elicited testimony from trial counsel that he did not explore a defense based on the petitioner's mental health, the petitioner presented no proof that such a defense would have been available. Thus, the petitioner failed to establish prejudice. See Black v. State, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Further, the proof established the petitioner clearly understood his situation and was familiar with his legal rights to the extent he filed numerous pro se motions.

Finally, the proof clearly established the petitioner entered his pleas knowingly, voluntarily, and intelligently. The petitioner himself testified his pleas were "voluntarily" made "with full knowledge and understanding." The petitioner's testimony clearly indicates he chose to enter the pleas regardless of what counsel had or had not done. According to trial counsel, the petitioner was aware of his rights, understood the plea agreement, and was "tickled to death" with the settlement. Further, the transcript of the plea hearing indicates the trial court advised the petitioner regarding his rights, including his right to a trial and to present witnesses. The petitioner told the court he was aware of his rights, was satisfied with his attorney's performance, and wished to enter the pleas.

The petitioner has failed to establish that trial counsel was deficient and has further failed to establish that he would not have pled guilty had trial counsel done more. See Hill, 474 U.S. at 59, 106 S. Ct. at 370. Accordingly, we affirm the judgment of the post-conviction court.

_____
ALAN E. GLENN, JUDGE

-4-